THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* VICTOR J. ADRAGNA, Respondent.

Fourth Department, May 23, 1974.

*Edward C. Cosgrove, District Attorney (John A. Joseph, III,* of counsel), for appellant.

*Goldman, Costa & Getman (Peter L. Costa* of counsel), for respondent.

DEL VECCHIO, J. The question presented by the People's appeal from an order of suppression is whether a police officer had probable cause for defendant's warrantless arrest, incident to which a search of defendant was conducted and the suppressed material uncovered.

At the suppression hearing the officer, Joseph Sperazz, a member of the Narcotics Squad of the Buffalo Police Department, testified that on September 7, 1973 one Vernon Walten, who had been arrested for a sale of drugs, volunteered to co-operate with the police in giving them his source of supply for cocaine. About 7:00 P.M. that evening Walten called defendant's home from police headquarters; a female voice which answered took Walten's request that defendant call him at a given number (a number at the police station) and said that defendant would return the call. Shortly thereafter defendant did call for Walten at headquarters and conducted with him a conversation while Officer Sperazz was present which was tape recorded by the police with Walten's consent. At its conclusion the officer replayed the tape of the conversation in which defendant inquired why Walten had not kept an earlier appointment for a buy of cocaine. Walten responded that he now had $1,100 and "the man wants his stuff at this time". Defendant asked whether Walten then had the $1,100, whether he wanted one ounce and whether he wanted the same kind of cut as before; to each question Walten responded that he did. They then agreed to meet between 9:30 and 9:45 P.M. at a gas station on Genesee and Filmore Avenues. Defendant said he did not want "the dude" to meet him there and Walten assured defendant that Walten was to meet the buyer at 10:00 P.M., so there would be time enough for defendant to give the stuff to Walten who would give it to "the dude", who would not see defendant. Walten concluded the conversation with, "Vic, make sure you bring the stuff with you."

Walten was detained at the police station while the police went to the rendezvous point and waited for defendant. Defendant did not appear, however, but telephoned the gas station two or three times for Walten, who was not there. The police then brought the latter to the gas station where he received a call from defendant between 10:00 and 10:30. A new meeting place was agreed upon at Porter and Normal Avenues where defendant would be waiting. Walten immediately relayed the substance of that conversation to the police officers and Officer Sperazz got into Walten's car and lay down in the back seat. Walten then drove to the meeting place at the corner of Porter and Normal and told Sperazz that he saw defendant standing on the street corner. Walten stopped the car, got out and walked across the street to where defendant was standing; Officer Sperazz observed the two having a few words then walking back to the car together. At that point the officer left the car,

announced that he was a police officer, told defendant to put his hands on the car and frisked him. In defendant's waist the officer found and seized a plastic bag containing a white substance, which is the material that has been suppressed.

On this appeal defendant argues, as he did successfully in County Court, that his arrest, incident to which the search was conducted, was made by an officer without reasonable cause to believe that a crime had been committed by defendant and was therefore illegal under CPL 140.10. With this contention we cannot agree.

"The standard of probable cause to be applied in a situation where a police officer makes an arrest without a warrant is the standard of what would be probable cause to ' " a reasonable, cautious and prudent peace officer " ' ([*People* v. *Brady*] 16 N Y 2d 186, 189)." (*People* v. *Valentine*, 17 N Y 2d 128, 132.) The standards applicable in obtaining a search warrant on an informer's tip are also applicable in making an arrest without a warrant (see *People* v. *Castro*, 29 N Y 2d 324).

The traditional test for probable cause based in part on an informant's story, as gleaned from *Aguilar* v. *Texas* (378 U. S. 108), is set forth in *People* v. *Hendricks* (25 N Y 2d 129): there must be a showing that the informant is in fact reliable and that the underlying circumstances as to how the informant came by his information demonstrate probability of credibility. These requirements may be met by information known to the police officer, by a separate objective checking of the informant's tale and by independent observations made by the officer. (*People* v. *Cerrato*, 24 N Y 2d 1, cert. den. 397 U. S. 940; *People* v. *Malinsky*, 15 N Y 2d 86; *People* v. *Coffey*, 12 N Y 2d 443, cert. den. 376 U. S. 916.)

In the present case, both the informant's reliability and the credibility of his information had been established by information known to Officer Sperazz, by objective checking of Walten's story and by independent observations by the officer prior to the time of the arrest.

The foregoing facts demonstrate that the officer's knowledge of Walten's involvement in drug activities and his observations in overhearing the telephone conversation concerning past and future appointments for the delivery of drugs by defendant supported the credibility of the informant and verified the information supplied by him.

Further verification of Walten's " lead " that defendant would be in possession of narcotics on the evening in question may be found in the telephone call received by Walten at the gas

station — the rendezvous for the delivery of drugs set in the earlier phone conversation with defendant — and in defendant's actual presence shortly thereafter at the new place of delivery fixed in that conversation. Only the "Vic" involved in the earlier conversation designating the gas station as the meeting place would have had reason to expect Walten to be at that location, and only the person with whom Walten spoke on the phone at the gas station would have had reason to be at the subsequent rendezvous. The person at that rendezvous was the defendant, Victor Adragna. With that background, the officer's observation of defendant at the designated place of transfer gave the event significance which it would not otherwise have had. "All that the informant had said was reinforced by what [the defendant] did, and what [the defendant] did was colored by what the informant had said." (*United States* v. *Soyka*, 394 F. 2d 443, 452, 454, cert. den. 393 U. S. 1095.)

In view of the limited testimony given by defendant as a witness, we see no error in the restriction of the District Attorney's cross-examination of him.

Since the record established probable cause for the arrest of defendant, the material disclosed by the search of his person should not have been suppressed. Accordingly, the order should be reversed.

MARSH, P. J., MOULE, CARDAMONE and SIMONS, JJ., concur.

Order unanimously reversed on the law and facts and motion denied.